F I L E D
United States Court of Appeals
Tenth Circuit

MAR 29 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

J. C. HUNT,

      Petitioner-Appellant,

v.

RAY ROBERTS; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 05-3015

(D.C. No. 04-CV-3416-SAC)
(D. Kan.)

**ORDER**

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Petitioner J. C. Hunt, a Kansas state prisoner appearing pro se, seeks a certificate

of appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C.

§ 2241 habeas petition on statute of limitations grounds. Because Hunt has failed to make

the requisite showing for the issuance of a COA, we deny his request and dismiss the

appeal.

I.

According to Hunt's petition, he was sentenced on March 27, 1992, in Case No.

91CR1395B, to a term of 5 to 10 years for voluntary manslaughter, in violation of Kan.

Stat. Ann. § 21-3403, and 3 to 5 years for aggravated assault, in violation of Kan. Stat.

Ann. § 21-3410, with the two sentences to run concurrently to each other. On that same date, Hunt was sentenced in a separate criminal case, Case No. 91CR2072, to a term of 5 to 10 years for possession of cocaine, in violation of Kan. Stat. Ann. § 65-4127A. This latter sentence was allegedly ordered to run consecutively to the sentences imposed in Case No. 91CR1395B.

Hunt alleges that, upon his placement in prison, officials from the Kansas Department of Corrections (KDOC) "illegally aggregated" his sentences "to 10 to 20 years," thereby denying him the conditional release date that he alleges "was required by law." More specifically, Hunt alleges that, had the sentences not been aggregated, they would have been converted under the Kansas sentencing guidelines (which became effective on July 1, 1993) and he would have been conditionally released from his first set of sentences in 1996 (i.e., those imposed in Case No. 91CR1395B), and subsequently released from prison as early as 1997 and no later than 1999. Thus, he alleges, he is being illegally detained and is entitled to immediate release from prison.

Hunt first attempted to obtain relief in the Kansas state courts in October 2003, when he filed a petition for writ of habeas corpus in the District Court of Butler County. That court denied relief on February 3, 2004. In doing so, it concluded that KDOC officials had correctly aggregated Hunt's sentence under the applicable Kansas statutes and regulations, and that Hunt therefore was not being held illegally. Hunt appealed that ruling to the Kansas Court of Appeals, which affirmed the denial of habeas relief on

2

August 6, 2004. Hunt then filed a petition for review with the Kansas Supreme Court. That petition was denied on November 1, 2004.

On November 12, 2004, Hunt filed his federal habeas petition. After reviewing the petition, the district court ordered Hunt to show cause why the petition should not be dismissed as untimely. ROA, Doc. 5. In doing so, the district court concluded "there [wa]s nothing to suggest that [Hunt] did not discover, or could not have discovered, KDOC's aggregation of his consecutive sentences as early as 1992 when he entered KDOC custody, or certainly by 1996 when he claim[ed] he should have been entitled to release on his first five to ten year sentence." Id. at 3. In his response to the show cause order, Hunt alleged he did not know the precise time he became "suspicious" of his alleged unconstitutional confinement, but he "believe[d] it to be around December of 2002 or January 2003," when he received a copy of the journal entries of judgment from his 1992 convictions. ROA, Doc. 6 at 2. Since that time, Hunt alleged, he had been diligent in pursuing legal relief. The district court construed Hunt's allegations as a request to equitably toll the applicable one-year limitations period, but ultimately concluded that Hunt "ha[d] not alleged or demonstrated uncontrollable conditions that prevented his timely filing of a petition for writ of habeas corpus in the federal courts, nor ha[d] he established due diligence in seeking such relief." ROA, Doc. 7 at 2.

II.

To pursue this appeal, Hunt must first obtain a COA. See 28 U.S.C. § 2253(c)(1).

3

To be entitled to a COA, Hunt must establish, in pertinent part, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct). Hunt has failed to make such a showing in this case. According to our review of the record, the district court's dismissal of Hunt's petition as untimely is not deserving of further proceedings or subject to a different resolution on appeal.

Accordingly, the request for a COA is DENIED and the appeal is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge